# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONNIE RINGOLD
(a.k.a. RONNIE WASHINGTON),

      Plaintiff,

    v.                                              Case No. 11-CV-721

GARY H. HAMBLIN,
WARDEN JOHN PAQUIN,
COLLEEN FREY,
MELISSA KARPINSKI,

      Defendants,

## DECISION AND ORDER

Plaintiff, Ronnie Ringold, an inmate at Racine Correctional Institution, filed this pro se lawsuit under 42 U.S.C. § 1983. He has paid the full filing fee.

Regardless of plaintiff's fee status, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In order "[t]o state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009);

see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009). Accordingly, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1950.

Plaintiff is incarcerated at Racine Correctional Institution (RCI), and names four defendants: Department of Corrections Secretary Gary Hamblin, RCI Warden John Paquin, RCI Social Worker Colleen Frey, and RCI Program Review Committee Chairperson Melissa Karpinski. Plaintiff maintains that defendants Frey and Karpinski incorrectly classified him as a registered sex offender and then covered up their mistake by using white out to remove the sex offender notation from his paperwork and refusing to admit that they had called him a sex offender. Plaintiff believes that being labeled as a sex offender prevented him from being transferred to a lower custody status, and he contends that the error violated his equal protection rights.

The Equal Protection Clause of the Fourteenth Amendment protects prisoners "from invidious discrimination based on race." Wolf v. McDonnell, 418 U.S. 539, 556 (1974). Without a compelling state interest, racial discrimination in the administration of prisons violates the Fourteenth Amendment. Black v. Lane, 824 F.2d 561, 562 (7th Cir. 1987).

To assert an equal protection violation, a plaintiff "must establish that a state actor has treated him differently than persons of a different race and that the state actor did so purposefully." DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000).

Plaintiff's complaint fails to plausibly suggest that he was purposefully treated differently than other inmates due to his race. While he identifies defendants Frey and Karpinski as white women and himself as a black man, this alone does not suggest that their treatment of him was due to his race. Plaintiff does not provide any other reasons to believe that the defendants' conduct was racially motivated, and I cannot accept his conclusory assertion that it was. See, e.g. Nordmeyer v. Cundiff, 2011 WL 4529422, * 3 (S.D.Ill. Sept. 28, 2011) ("After Twombly and Iqbal, conclusory allegations of discrimination are no longer sufficient to satisfy federal pleading requirements.") Furthermore, plaintiff's claims against Secretary Hamblin and Warden Paquin appear to be based solely upon their supervisory roles, which is not a proper basis for suit under § 1983. Vinning-El v. Evans, 657 F.3d 591, 592 (7th Cir. 2011) ("Section 1983 does not authorize 'supervisory liability.'"). Therefore, plaintiff has failed to state a claim under § 1983.

To the extent plaintiff intended to assert any claims against the defendants under state law, such as defamation or intentional misrepresentation, I will relinquish supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3). If plaintiff wishes, he may attempt to pursue those claims in state court.

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's federal claims are **DISMISSED** on the merits for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that any state-law claims asserted in the complaint are **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2011.

s/_____
LYNN ADELMAN
District Judge